[Crim. No. 22719. First Dist., Div. Two. Aug. 18, 1982.]

THE PEOPLE, Plaintiff and Respondent, v.
MARSHALL ANTHONY FAIRLEY, Defendant and Appellant.

**COUNSEL**

Linda F. Robertson for Defendant and Appellant.

George Deukmejian, Attorney General, Robert H. Philibosian, Chief Assistant Attorney General, William D. Stein, Assistant Attorney General, W. Eric Collins and Frances Marie Dogan, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

ARNE, J.*—This is an appeal from a conviction of robbery (Pen. Code, § 211) and a finding by the jury that in the commission of one of the counts of robbery defendant used a gun, in violation of sections 12022.5 and 1203.06, subdivision (a)(1), of the Penal Code.

At about 9:45 p.m. on November 13, 1980, Eva Palmer, her uncle, Archie Durham, and a friend, Charles Forster, were walking on University Avenue in Palo Alto, California, on their way to a Mexican restaurant. Near the restaurant Palmer and Forster, who were walking together, passed a black man walking in the opposite direction. The

---

*Assigned by the Chairperson of the Judicial Council.

black man accosted Durham, who was behind Palmer and Forster, poked a gun into Durham's side and demanded his money. Durham handed over three silver dollars and a cigarette lighter with his initials on it. The assailant took the items and ran up a nearby alley with Durham following in unsuccessful pursuit. Palmer and Forster went into the restaurant to call the police. Sheriff's deputies responded and took a physical description of the robber from each of the three.

Later the same night, at about 11 p.m., William Morgan was robbed as he walked to his car from the Bachelor's Quarters, a club near the location of the robbery of Archie Durham. The robber took a small bag containing Morgan's wallet, some credit cards, a small amount of cash, and some personal articles. The police were called again and given a physical description of the robber.

Appellant was arrested at about midnight of the same day. When he was booked, an automatic pistol, a cigarette lighter, three silver dollars and four $1 bills were found on his person.

About a week after appellant's arrest a physical lineup was held at which Morgan and Palmer identified appellant from among six subjects. Durham identified another individual as his assailant and Forster did not attend the lineup.

A preliminary examination was held on December 1, 1980, at which Durham was called to testify. Later, at appellant's trial, he was questioned by both the prosecution and defense concerning his selection of a person other than appellant in the physical lineup. And, while under cross-examination, Durham testified that when he saw appellant at the preliminary examination he had recognized appellant as the man who had robbed him.

At the time of the trial Forster appeared and testified to the fact that the district attorney or an investigator (or both) had told him to enter and sit in the courtroom on the first day of the trial. And, if he saw someone whom he recognized, he was to stand up and leave the courtroom. Forster did as instructed and when appellant entered the courtroom, he (Forster) stood up and walked out of the courtroom. During his subsequent testimony he identified appellant as the man who had robbed Durham. Testimony identifying the appellant was also given by Palmer, Durham and Morgan.

The issues raised by this appeal are:

1. Whether the in-court identification of appellant by Mr. Forster was impermissibly suggestive, a denial of the right to the assistance of counsel, and a denial of due process;

2. Whether the prosecutor committed misconduct in arranging an in-court identification of appellant without giving notice to appellant's counsel and by introducing Forster's identification testimony in evidence at the trial;

3. Whether defendant was denied the effective assistance of counsel for failure to object to the identification testimony of Forster.

■ Pretrial identification of a defendant must be done in a manner which is not unnecessarily suggestive and not thereby conducive to irreparable mistaken identification. (*Stovall* v. *Denno* (1967) 388 U.S. 293, 301-302 [18 L.Ed.2d 1199, 1205-1206, 87 S.Ct. 1967].) In an effort to assure the protection of the defendant's right to due process, the United States Supreme Court established the defendant's right to the assistance of counsel at pretrial lineups. (*United States* v. *Wade* (1967) 388 U.S. 218 [18 L.Ed.2d 1149, 87 S.Ct. 1926].) This right was later limited to require that a defendant be furnished counsel only at post-indictment lineups. (*Kirby* v. *Illinois* (1972) 406 U.S. 682 [32 L.Ed.2d 411, 92 S.Ct. 1877].) California had already held, however, that the *Wade* rule applied to both pre- and post-indictment information and complaint cases. (*People* v. *Fowler* (1969) 1 Cal.3d 335 [82 Cal.Rptr. 363, 461 P.2d 643].) The California Supreme Court reviewed and reaffirmed the holding in *Fowler* in *People* v. *Bustamante* (1981) 30 Cal.3d 88 [177 Cal.Rptr. 576, 634 P.2d 927]. The rule then is well settled that a defendant in California is entitled to counsel to represent him at all lineups, except under exigent circumstances.

■ Appellant argues that the identification of him made by Forster in the courtroom was improper because he was denied the assistance of counsel, asserting that his lawyer was unaware that an identification showup was occurring at that time. The record is, however, silent on this point. Appellant's attorney made no objection to Forster's identification testimony when the evidence was offered by the prosecutor. There is nothing in the record to indicate that defense counsel was surprised by Forster's testimony; nor is there anything to suggest that counsel failed to recognize its significance. Forster was cross-examined

concerning that identification and the jury was given an opportunity to evaluate his identification in the light of the circumstances under which it was made. The conclusion that the appellant or his attorney, or both, were unaware of the in-court lineup is entirely speculative.

Showups of the type used by the prosecutor in this case ought to be discouraged, however, for the reason that they cannot be conducted within any reasonable limits of control. Given the fact that the witness knows the purpose for which he is in court, there are an unforeseeable number of circumstances which can arise in any open courtroom which would clearly indicate to any person of reasonable intelligence who the defendant is. Given a case with less convincing evidence of guilt and less convincing identification testimony from other witnesses, the consequences of this kind of in-court showup could be a needless reversal.

In the present case the interests of justice do not require a reversal. The evidence against the appellant, when viewed in its entirety, was substantial indeed. Appellant had been identified by Morgan and Palmer in the police lineup. Durham identified appellant at the preliminary hearing. And, when arrested and booked, the property in appellant's possession included a pistol matching the description of that used in the robbery of Durham, three silver dollars, and a cigarette lighter which Durham identified as his from the initials engraved on it and from a repair which Durham had made to the lighter. The outcome of the trial would not have been any different had the jury not heard Forster's identification testimony; hearing it did not result in a miscarriage of justice. (Evid. Code, § 353; Cal. Const., art. VI, § 13.)

█ We need not consider the issue of whether or not appellant was denied the effective assistance of counsel for failure to object to the showup. As stated above, the record is silent as to what the attorney knew or did not know. It is just as reasonable to conclude that no objection was raised to Forster's testimony because counsel made a conscious decision as a matter of trial tactics to concentrate on the differences among the descriptions of the robber given by each witness, rather than to attack the admissibility of the last in a series of four identifications. We cannot conclude that appellant was denied the effective assistance of counsel.

█ Finally, as to appellant's argument that the prosecutor committed misconduct by offering Forster's testimony without notice to counsel, we do not agree. Misconduct is described as conduct which is

deceptive or reprehensible. (*People* v. *Strickland* (1974) 11 Cal.3d 946, 955 [114 Cal.Rptr. 632, 523 P.2d 672].) Offering identification testimony of a percipient witness is neither deceptive nor reprehensible. It is also well established that the appellate court cannot find misconduct unless misconduct has first been assigned by the trial court, "unless the misconduct contributed to the verdict or was so unredeemable that nothing whatever would have cured it." (*People* v. *Mitchell* (1966) 63 Cal.2d 805, 809 [48 Cal.Rptr. 371, 409 P.2d 211].) Even if the appellant's counsel were ignorant of the showup which occurred in court, the prosecutor's conduct does not meet this test.

Accordingly, the judgment is affirmed.

Rouse, Acting P. J., and Smith, J., concurred.